I concur in the result only as to Part IV of the majority's opinion. I am disturbed with the majority's finding that the appellant did not preserve her Excessive Fines violation claim. However, this opinion focuses primarily on my concerns about the procedure for confiscation of property under the state's forfeiture statute.
Much of the majority opinion is a correct statement of the law interpreting the Excessive Fines Clause of the Eighth Amendment. However, although it was not bound to address this matter, the majority's opinion condones a consistent encroachment on the due process rights of individuals whose property is forfeited before the determination of criminal guilt or innocence. This type of claim should never reach this court in this posture. In order to prevent a violation of due process, a forfeiture action pursuant to § 20-2-93 should occurafter an adjudication as to the guilt or innocence of the accused.
This special concurrence stems from my belief that allowing civil forfeitures prior to criminal prosecution of an individual is an infirmity in the law which can only be cured by the state legislature. I therefore concur only in the result reached by the majority.